1  LIONEL SAWYER & COLLINS
   Kirby J. Smith, Esq., Bar No. 414
2  1700 Bank of America Plaza
   300 S. Fourth Street
3  Las Vegas, NV 89101
   (702) 383-8888
4  ksmith@lionelsawyer.com
   *Attorneys for Defendant*
5  *Sprint Nextel Corporation*

6

7                    UNITED STATES DISTRICT COURT

8                        DISTRICT OF NEVADA

9  JODI ALLERTON, Individually and on behalf
   of others similarly situated,
10                                            **NOTICE OF REMOVAL OF ACTION**
11                    Plaintiffs,

12 SPRINT NEXTEL CORPORATION and
   JOHN DOES I through XXX, actual names
13 and number unknown,

14                    Defendants.

15                 **<u>NOTICE OF REMOVAL</u>**

16        Defendant Sprint Nextel Corporation ("Sprint" or "Defendant"), by its attorneys, Lionel

17 Sawyer & Collins, hereby files this Notice of Removal of the above-captioned action to the

18 United States District Court for the District of Nevada from the Eighth Judicial District Court of

19 Nevada, Clark County, where the action is now pending, pursuant to 28 U.S.C. §§ 1441 and

20

21 1446. In support of this Notice of Removal, Defendant now states:

22        1.      The action was commenced on or about June 12, 2009, under Case No. A-09-

23 592383-C in the Eighth Judicial District Court of Nevada, Clark County.  Service of the

24 Summons and Class Action Complaint was completed on June 22, 2009.  Defendant filed its

25 Answer to the Complaint on July 20, 2009.  Pursuant to 28 U.S.C. §1446(a), a copy of all

26 process, pleadings, and orders received by Defendant, as well as Defendant's Answer, is attached

27 hereto as Exhibit 1.  No further proceedings have been had herein.

28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

2.      This Notice of Removal has been filed within thirty days of service upon Defendant of a copy of the Class Action Complaint, pursuant to 28 U.S.C. §1446(b).

3.      The State Court Action alleges claims for violation of the Fair Labor Standards Act, 29 U.S.C. § 216(b), for violation of Nevada's Labor Law, N.R.S. § 608.180, for breach of contract under Nevada law, and for violation of N.R.S. § 608.040.  (*See* Ex. 1.)

4.      This is a civil action over which this Court has original "federal question" jurisdiction pursuant to 28 U.S.C. § 1331, as well as original jurisdiction due to diversity of citizenship pursuant to 28 U.S.C. § 1332.  Therefore, this civil action may be removed to this Court pursuant to the provisions of 28 U.S.C. §1441(a) and (b).

## FEDERAL QUESTION JURISDICTION AND REMOVAL
### (28 U.S.C §§ 1331, 1441, 1446)

5.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff Jodi Allerton ("Allerton") asserts in her Class Action Complaint a cause of action under a federal statute:  the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*  As a civil action founded on a right or claim arising under the laws of the United States, this action is properly removal to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

6.      This Court may exercise supplemental jurisdiction over the related state law causes of action in the Class Action Complaint pursuant to 28 U.S.C. § 1367, as the state law causes of action are related to the FLSA claim by subject matter, time period, and/or alleged action.

## DIVERSITY JURISDICTION AND REMOVAL
### (28 U.S.C §§ 1332, 1441, 1446)

7.      In addition, this Court has original jurisdiction under 28 U.S.C. § 1332, and the action may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because it is a civil action

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

1    between citizens of different states and the matter in controversy exceeds the sum of $75,000,

2    exclusive of interest and costs.

3         8.       In accordance with the requirements of 28 U.S.C. § 1332(c)(1), complete

4    diversity of the parties exists and is shown on the face of the Complaint, as follows:

5              A.       In her Complaint, Allerton alleges that she is a resident of Clark County

6                       Nevada.  (*See* Ex. 1, ¶ 1.)  Thus, Sprint is informed and believes and on

7                       that basis alleges that Allerton was at the time of the filing of this action

8                       and still is a citizen of the State of Nevada.

9              B.       As alleged in the Complaint, Sprint is a corporation incorporated under the

10                      laws of the State of Kansas.  (*See* Ex. 1, ¶ 2.)  In addition, Sprint's

11                      principal place of business is 200 Sprint Parkway, Overland Park, Kansas

12                      66251.  As a result, Sprint is a citizen of Kansas, but not of Nevada, and

13                      was neither incorporated nor had its principal place of business in Nevada.

14             C.       Although Allerton has named as defendants "John Does 1 through XXX,

15                      actual names and numbers unknown," the citizenship of defendants sued

16                      under fictitious names is to be disregarded for the purposes of determining

17                      diversity.  *See* 28 U.S.C. § 1441(a).

18        9.       In the Complaint, Allerton seeks an unspecified amount of damages for a series of

19   alleged wage and hour violations, as follows:

20             A.       Under the first claim for relief pursuant to 29 U.S.C. § 216(b) of the

21                      FLSA, Allerton alleges that Sprint "willfully failed to make said overtime

22                      and/or minimum wage payments by having the plaintiff . . . perform 'off

23                      the clock' work."  (Ex. 1, ¶ 14.)  As recovery for this claim, Allerton seeks

24                      "a judgment against defendants for unpaid overtime wages and/or

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

minimum wages, such sums to be determined by an accounting of the hours worked by, and wages actually paid to, such plaintiffs, and also seeks an award of liquidated damages, attorney's fees, interest and costs as provided for by the FLSA." (Ex. 1, ¶ 16.)

B.    Under the second claim for relief pursuant to Nevada's labor law, Allerton alleges that she and other alleged similarly situated employees were not paid required wages of time and one-half their normal hourly rate for hours worked in excess of 8 hours a day or 40 hours a week. (Ex. 1, ¶ 19.) As recovery for this claim, Allerton seeks "a judgment against defendant for overtime wages, such sums to be determined by an accounting of the hours worked by, and wages actually paid to, the plaintiff and those similarly situated, and also seeks an award of attorney's fees, interest and costs, and suitable equitable relief, as provided for by Nevada Law." (Ex. 1, ¶ 21.)

C.    Under the third claim for relief for breach of contract, Allerton alleges Sprint breached an alleged contract with her "by failing to pay such promised hourly wages, specifically by failing to pay the plaintiff anything whatsoever for certain hours or portions thereof that she performed work for the defendant." (Ex. 1, ¶ 25.) As recovery for this claim, Allerton seeks "a judgment against defendant for the unpaid wages owed to the named plaintiff . . . as a result of the defendants' breach of its contract with the plaintiff . . . and also seeks an award of attorney's fees, interest and costs, as provided for by Nevada Law." (Ex. 1, ¶ 26.)

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

D.    Under the fourth claim for relief under N.R.S. § 608.040, Allerton alleges Sprint failed to pay her and other allegedly similarly situated individuals earned but unpaid wages at thee time of their discharge or resignation. (Ex. 1, ¶¶ 28-29.)  As recovery for this claim, Allerton seeks "a judgment against the defendants for the penalty prescribed by Nevada Revised Statutes § 608.040, to wit, for a sum equal to thirty days wages, along with interest, costs and attorney's fees." (Ex. 1, ¶ 30.)

10.    Thus, although Allerton has not specified the precise amount of damages sought, it is clear from the face of the Complaint that she seeks damages for alleged unpaid overtime wages, alleged unpaid minimum wages, alleged unpaid wages, statutory penalties under Nevada law, including a sum equal to thirty (30) days' wages, liquidated damages under the FLSA, suitable equitable relief, and attorney's fees.  (See Ex. 1 ¶¶ 16, 21, 26, 30.)  In addition, Allerton seeks "such other relief as the Court deems just." (Ex. 1, at 8-9.)

11.    The nature of the numerous wage and hour claims she attempts to plead, the penalties she seeks, and the attorney's fees sought reveals that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (affirming district court's determination that, on a preponderance of evidence standard, defendant had successfully established that amount in controversy exceeded $75,000 despite plaintiffs' allegations to the contrary); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (holding that defendant must demonstrate by a preponderance of the evidence that the amount in controversy is met where state-court complaint unclear or ambiguous as to amount in controversy).

12.    The removing defendant may make the requisite showing by either (1) demonstrating that it is "facially apparent" from the complaint that the claims are likely to

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

5 of 11

exceed $75,000 (*e.g.*, claims of punitive damages, claims entitling plaintiff to recovery attorneys' fees, etc.), or (2) setting forth facts in the notice of removal that support a finding of the requisite amount under a preponderance of evidence standard. *See, e.g., Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999); *Guglielmino,* 506 F.3d at 699 (citing *Sanchez,* 102 F.3d at 404).

13.    Here, Defendant's burden of proof is met because it is "facially apparent" from Allerton's four claims for relief, premised on her laundry list of alleged wage and hour violations, her claims for civil penalties, liquidated damages, and equitable relief, and her claim for attorney's fees, that, more likely than not, the jurisdictional amount is exceeded even though the Complaint fails to allege a specific amount of damages. *See Guglielmino,* 506 F.3d at 700 ("'[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy'") (quoting *Lowdermilk v. U.S. Bank Nat'l Ass'n,* 479 F.3d 994, 1000 (9th Cir. 2007)); *see also Bell v. Preferred Life Assurance Soc'y,* 320 U.S. 238, 241 (1943) (amount in controversy requirement met if plaintiff "might recover" award of compensatory and punitive damages in excess of amount in controversy requirement); *Jackson v. Am. Bankers Ins. Co. of Fla.,* 976 F. Supp. 1450, 1454 (S.D. Ala. 1997) (appropriate measure of amount in controversy is the litigation value assuming all allegations of complaint are true and jury returns verdict for plaintiffs on all claims made in the complaint).

14.    In addition, while Sprint vehemently denies Allerton's allegations, including that Allerton is entitled to any monetary relief, penalties or equitable relief whatsoever, Allerton's purported claims for damages exceed $75,000 based on *Guglielmino* and the other cases cited herein as follows:

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

A.   Allerton was employed by Sprint from November 5, 2007 through March 12, 2009. (*See* Affidavit of Taylor Kitchin, attached hereto as Exhibit 2.) Upon her departure, Allerton's hourly wage was $12.8625. (*Id.*) During her employment with Sprint, Allerton worked, on average, 42.88 hours per week, including paid time off. (*Id.*) Thus, on average, Allerton clocked 2.88 of overtime hours per week.

B.   Under the first claim for relief, Allerton seeks damages for Sprint's alleged failure to pay her for time she worked "off the clock." Pursuant to the FLSA, Allerton's wage claims date back two (2) years from the date she filed this Complaint. *See* 29 U.S.C. § 255(a). Because Allerton filed her Complaint on June 12, 2009, her FLSA claims date back to June 12, 2007 – *i.e.*, prior to the date her employment with Sprint began. Even assuming, on average, that Allerton worked three (3) unpaid hours of overtime per week during her employment with Sprint, which was 70.57 weeks, at $12.8625/hour, damages for such a violation would equal $4084.68 (70.57 weeks x [$12.8625/hour x 3 hours x 1.5]). With liquidated damages, damages for a this period would equal $8169.36.

C.   Under the second claim for relief, Allerton seeks overtime wages for time she allegedly worked "off the clock" and for time in which Sprint allegedly improperly calculated overtime wages. Pursuant to Nevada law, such claims have a three-year statute of limitations. N.R.S. § 11.190(3)(a). Again, assuming that Allerton worked three (3) hours of unpaid overtime per week during her employment with Sprint, damages

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

for a three-year time period (which includes all 70.57 weeks of Allerton's employment with Sprint) would equal $4084.68.

D.    Under the third claim for relief, Allerton alleges that Sprint breached a contract to pay certain set hourly wages when it failed to pay her for "off the clock" work.  Pursuant to Nevada law, breach of contract claims have a six-year statute of limitations.  N.R.S. § 11.190(1)(b).  Assuming that Allerton worked three (3) hours of unpaid overtime per week during her employment with Sprint, damages for a six-year time period (which includes all 70.57 weeks of Allerton's employment with Sprint) would equal $4084.68.

E.    Under the fourth claim for relief, Allerton seeks a sum equal to thirty days of her wages pursuant to N.R.S. § 608.040.  Thirty days of Allerton's wages is equal to $3087.00.

F.    Finally, Allerton seeks attorney's fees, and both the FLSA, 29 U.S.C. § 216(b), and Nevada state law, N.R.S. § 608.140, provide for the award of attorney's fees to a successful litigant.  Under such circumstances, the amount claimed thereunder may be taken into account in determining whether the jurisdictional minimum has been reached.  *See, e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  A consideration of Allerton's attorney's fees that would be recoverable in the event she prevails further demonstrates that the amount in controversy more likely than not exceeds the $75,000 threshold.

G.    Allerton's claims for attorney's fees would conservatively increase this number by at least an additional $60,000.  Plaintiff purports to bring

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

claims on behalf of herself and other alleged "similarly situated" individuals under both federal and state laws for the underpayment of or failure to pay wages. In addition, Allerton seeks penalties for failure to pay wages upon discharge or resignation. Thus, the litigation will encompass numerous closely-contested claims asserted on behalf of numerous current and former employees and will almost certainly result in extensive litigation activity, particularly because the bulk of Allerton's claims allege "off the clock" work that will be difficult to quantify by record evidence. Based on defense counsel's experience litigating similar claims, it is more likely than not that Allerton's attorney's fees will be at least $60,000.

15.    Therefore, the Court has original jurisdiction over the Complaint, and each alleged cause of action contained therein, under 28 U.S.C. § 1332. The Complaint and the State Court Action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

16.    Allerton also has named as defendants "John Does 1 through XXX, actual names and numbers unknown." Thus far, to Sprint's knowledge, none of the John Doe defendants has been served. In any event, the citizenship of defendants sued under fictitious names is to be disregarded for the purposes of determining diversity. *See* 28 U.S.C. § 1441(a).

17.    Pursuant to 28 U.S.C. § 1441(a), Defendant has the right to remove this case from the Eighth Judicial District Court of Nevada, Clark County, to this Court because the District Court for the District of Nevada is the District embracing the place where the action is pending.

18.    A copy of this Notice of Removal will be filed with the Clerk of the Eighth Judicial District Court of Nevada, Clark County, as required by 28 U.S.C. § 1446(d).

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

19.     Promptly after the filing of this Notice of Removal, written notice of the filing of this Notice of Removal will be given to Allerton as required by law. *See* 28 U.S.C. § 1446(d).

20.     By filing this Notice of Removal, Defendant does not waive any defenses which may be available to it.

21.     In the event this Court should have any questions about the propriety of removal or may be inclined to remand this action, Defendant respectfully requests that the Court issue an order to show cause why the case should not be remanded, affording the parties an opportunity to provide the Court with full briefing and argument.  Furthermore, should Allerton voluntarily withdraw her first claim of relief pursuant to the FLSA, 29 U.S.C. § 216(b) and move to remand this case to the state court, she should be required to stipulate that her damages shall not exceed $75,000.  Such a procedure is warranted since a remand order is not subject to review.

22.     This Notice is executed pursuant to Federal Rule of Civil Procedure 11.

WHEREFORE, Defendant hereby removes this action from the Eighth Judicial District Court of Nevada, Clark County, to the United States District Court for the District of Nevada.

Dated: July 21st, 2009

                                        LIONEL SAWYER & COLLINS

                                        By: _____
                                            Kirby J. Smith
                                            1700 Bank of America Plaza
                                            300 S. Fourth Street
                                            Las Vegas, NV 89101
                                            (702) 383-8888
                                            ksmith@lionelsawyer.com
                                            *Attorneys for Defendant*
                                            *Sprint Nextel Corporation*

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF MAILING**

I certify that on the 21st day of July, 2009, I deposited a true and correct copy of the

above **NOTICE OF REMOVAL OF ACTION** in the United States mail, postage prepaid at

Las Vegas, Nevada, to the last known address of:


Leon Greenberg, Esq.
Leon Greenberg Professional Corporation
633 South 4th Street, Suite 4
Las Vegas, Nevada 89101


Christian Gabroy, Esq.
Gabroy Law Offices
170 S. Green Valley Parkway, Suite 280
Henderson, Nevada 89012

*Attorneys for Plaintiffs*

An Employee of LIONEL SAWYER & COLLINS

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

11 of 11

# EXHIBIT 1

# EXHIBIT 1

LIONEL SAWYER & COLLINS
Kirby J. Smith, Esq., Bar No. 414
1700 Bank of America Plaza
300 S. Fourth Street
Las Vegas, NV 89101
(702) 383-8888
ksmith@lionelsawyer.com
*Attorneys for Defendant*
*Sprint Nextel Corporation*

FILED

Ju 20   5 ᴄⱼ ᴘⁱ '09

CLERK OF THE COURT

DISTRICT COURT

CLARK COUNTY, NEVADA

JODI ALLERTON, Individually and on behalf
of others similarly situated,

                              Plaintiffs,

SPRINT NEXTEL CORPORATION and
JOHN DOES I through XXX, actual names
and number unknown,

                              Defendants.

Case No.  A-09-592383-C
Department X

**DEFENDANT SPRINT NEXTEL
CORPORATION'S ANSWER TO
PLAINTIFF'S COMPLAINT**

        Defendant Sprint Nextel Corporation ("Sprint or "Defendant"), for its answer and
affirmative defenses to Plaintiff Jodi Allerton's ("Plaintiff" or "Allerton") Class Action
Complaint for alleged Violation of State and Federal Statutes and Breach of Contract (the
"Complaint"), states as follows:

## AS TO "PARTIES AND PRELIMINARY STATEMENT"

        1.      Upon information and belief, admits the allegations contained in Paragraph 1 of
the Complaint.

        2.      Denies each and every allegation contained in Paragraph 2 of the Complaint,
except admits that Sprint is a corporation existing and established pursuant to the laws of the
State of Kansas.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4.      The allegations contained in Paragraph 4 of the Complaint constitute a legal assertion that Defendant is not required to admit or to deny.  To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 4 of the Complaint.

5.      Denies each and every allegation contained in Paragraph 5 of the Complaint.

6.      The allegations contained in Paragraph 6 of the Complaint constitute a legal assertion that Defendant is not required to admit or to deny.  To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 6 of the Complaint.

## AS TO "THE PROPOSED CLASS CLAIMS AND PARTIES"

7.      Denies each and every allegation contained in Paragraph 7 of the Complaint.

8.      Denies each and every allegation contained in Paragraph 8 of the Complaint.

9.      Denies each and every allegation contained in Paragraph 9 of the Complaint.

10.     Denies each and every allegation contained in Paragraph 10 of the Complaint.

11.     Denies each and every allegation contained in Paragraph 11 of the Complaint.

12.     Denies each and every allegation contained in Paragraph 12 of the Complaint.

AS TO "A FIRST CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF JODI ALLERTON AND ALL OTHER PERSONS WHO CHOOSE TO FILE A WRITTEN CONSENT TO JOIN THIS ACTION AS A PLAINTIFF PURSUANT TO 29 U.S.C. § 216(b) OF THE FAIR LABOR STANDARDS ACT"

13.     Denies each and every allegation contained in Paragraph 13 of the Complaint, except admits that Allerton purports to bring the First Claim for Relief pursuant to 29 U.S.C. § 216(b) on behalf of herself and all other alleged similarly situated persons who consent in writing to join this action as plaintiffs pursuant to 29 U.S.C. § 216(b).

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

14.     Denies each and every allegation contained in Paragraph 14 of the Complaint, except admits that certain provisions of the FLSA entitle employees to a minimum wage and an overtime hourly wage of time and one-half of their regular hourly wage for all hours worked in excess for forty hours per work, and that Allerton was employed by Sprint in a telephone customer call service center.

15.     Denies each and every allegation contained in Paragraph 15 of the Complaint.

16.     Denies each and every allegation contained in Paragraph 16 of the Complaint, except admits that Allerton, on behalf of herself and all other alleged similarly situated plaintiffs who consent in writing to join this action, purports to seek a judgment against Defendant for alleged unpaid overtime wages and/or minimum wages, an award of liquidated damages, attorney's fees, interest, and costs as provided for by the FLSA.

AS TO "A SECOND CLAIM FOR RELIEF ON BEHALF
OF  PLAINTIFF  JODI  ALLERTON  AND  ALL  PERSONS
SIMILARLY SITUATED PURSUANT TO NEVADA'S LABOR
LAW"

17.     Defendant repeats and realleges its answers to Paragraphs 1 through 16 as if set forth in full herein in response to Paragraph 17 of the Complaint.

18.     Denies each and every allegation contained in Paragraph 18 of the Complaint, except admits that Allerton purports to bring the Second Claim for Relief pursuant to NRS § 608.180.

19.     Denies each and every allegation contained in Paragraph 19 of the Complaint, except admits that NRS § 608.018 governs compensation for overtime.

20.     Denies each and every allegation contained in Paragraph 20 of the Complaint.

21.     Denies each and every allegation contained in Paragraph 21 of the Complaint, except admits that Allerton, on behalf of herself and the proposed plaintiff class members,

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

3 of 9

1   purports to seek a judgment against Defendant for alleged overtime wages, attorney's fees,

2   interest, costs, and suitable equitable relief, as provided for by Nevada Law.

3
            AS TO "A THIRD CLAIM FOR RELIEF ON BEHALF OF
4           PLAINTIFF JODI ALLERTON AND ALL PERSONS
            SIMILARLY SITUATED UNDER NEVADA LAW FOR
5           BREACH OF CONTRACT"

6       22.     Defendant repeats and realleges its answers to Paragraphs 1 through 21 as if set

7   forth in full herein in response to Paragraph 22 of the Complaint.

8       23.     Denies each and every allegation contained in Paragraph 23 of the Complaint,

9   except admits that Allerton purports to bring the Third Claim for Relief for breach of contract

10  under Nevada Law.

11      24.     Denies each and every allegation contained in Paragraph 24 of the Complaint.

12
        25.     Denies each and every allegation contained in Paragraph 25 of the Complaint.
13

14      26.     Denies each and every allegation contained in Paragraph 26 of the Complaint,

15  except admits that Allerton, on behalf of herself and the proposed plaintiff class members,

16  purports to seek a judgment against Defendant for alleged unpaid wages, attorney's fees, interest,

17  costs, and suitable equitable relief, as provided for by Nevada Law.

18
            AS TO "A [FOURTH (ERRONEOUSLY PLEAD AS THIRD)]
19          CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF JODI
            ALLERTON AND ALL PERSONS SIMILARLY SITUATED
20          UNDER N.R.S. § 608.040"

21      27.     Defendant repeats and realleges its answers to Paragraphs 1 through 26 as if set

22  forth in full herein in response to Paragraph 27 of the Complaint.

23      28.     Denies each and every allegation contained in Paragraph 28 of the Complaint,

24  except admits that Allerton was discharged from Sprint.

25      29.     Denies each and every allegation contained in Paragraph 29 of the Complaint.

26      30.     Denies each and every allegation contained in Paragraph 30 of the Complaint,

27
28  except admits that Allerton, on behalf of herself and alleged similarly situated members of the

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

4 of 9

1    proposed plaintiff class, purports to seek a judgment against Defendant for the penalty prescribed

2    by Nevada Revised Statutes § 608.040, attorney's fees, interest, and costs.

3

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

4

5        31.    The Complaint fails, in whole or in part, to state a claim upon which relief can be

6    granted or for which the damages sought may be awarded.

7

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

8

9        32.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of

10   limitations.

11

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

12

13       33.    Plaintiff did not suffer any damages attributable to any actions of Defendant.

14

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

15

16       34.    Plaintiff is not entitled to liquidated damages because of Defendant's good faith

17   belief that its actions did not violate the FLSA and because Defendant's conduct was not willful.

18

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

19

20       35.    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver,

21   release, settlement and compromise.

22

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

23

24       36.    Plaintiff's claims are barred, in whole or in part, by the doctrines of laches,

25   estoppel, and unclean hands.

26

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

27

28       37.    Plaintiff's claims are barred, in whole or in part, by failure of consideration.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

38.     Plaintiff's claims are barred in whole or in part, by the Statute of Frauds.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

39.     Neither Plaintiff, the putative class nor the class asserted herein, the existence of which is expressly denied, meet the requirements of Nev. R. Civ. P. 23 or Fed. R. Civ. P. 23.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

40.     The named Plaintiffs fail to satisfy the prerequisites for class certification and, therefore, lack standing and cannot represent the interests of others as to each of the purported causes of action.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

41.     Plaintiff is an inadequate representative of the alleged class of persons which Plaintiff purports to represent, the existence of which is expressly denied.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

42.     The members of the putative class, the existence of which is expressly denied, are not "similarly situated" to each other or to Plaintiff.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

43.     Plaintiff and the putative class, the existence of which is expressly denied, cannot satisfy the prerequisites of 29 U.S.C. § 216(b).

///

///

///

///

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

1

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

2

3

44.    Defendant has the right of recoupment and/or setoff against Plaintiff and each

putative class member, the existence of which are expressly denied, who received compensation

4

for hours they did not work and were not otherwise entitled to receive pay.

5

6

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

7

45.    Plaintiff's and the putative class members' claims, the existence of which is

8

expressly denied, are barred, in whole or in part, by the doctrine of unjust enrichment.

9

10

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

11

46.    Plaintiff's claims are barred, in whole or in part, by the doctrine of payment.

12

13

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

14

47.    Plaintiff's claim for damages is barred by accord and satisfaction in that Plaintiff

15

has already received full payment of all monies due.

16

17

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

18

48.    Defendant reserves the right to raise additional affirmative defenses as may be

19

discovered during the course of these proceedings.

20

WHEREFORE, Defendant respectfully requests that this Court:

21

a.    Dismiss Plaintiff's Complaint in its entirety, with prejudice;

22

23

b.    Deny each and every prayer for relief contained in Plaintiff's Complaint;

24

c.    Award Defendant its reasonable attorneys' fees and legal expenses;

25

d.    Award Defendant its costs and disbursements incurred in defense of this

26

action; and

27

///

28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

7 of 9

e.    Award Defendant any other relief the Court deems just and proper.

Dated: July ___, 2009

LIONEL SAWYER & COLLINS

By: _____

Kirby J. Smith
1700 Bank of America Plaza
300 S. Fourth Street
Las Vegas, NV 89101
(702) 383-8888
ksmith@lionelsawyer.com
*Attorneys for Defendant*
*Sprint Nextel Corporation*

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

8 of 9

**CERTIFICATE OF SERVICE**

I hereby certify that on the ____ day of July, 2009, I deposited a true and correct copy of the above and forgoing **DEFENDANT SPRINT NEXTEL CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** in the United States Mail, postage prepaid at Las Vegas, Nevada, to the last know address of:

> Leon Greenberg, Esq.
> Leon Greenberg Professional Corporation
> 633 South 4th Street, Suite 4
> Las Vegas, Nevada 89101
>
> Christian Gabroy, Esq.
> Gabroy Law Offices
> 170 S. Green Valley Parkway, Suite 280
> Henderson, Nevada 89012
>
> *Attorneys for Plaintiffs*


An Employee of Lionel Sawyer & Collins

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

ORIGINAL

1  COMP                                               FILED

2  LEON GREENBERG, ESQ.  NSB#: 8094
   MARK R. THIERMAN, ESQ. NSB#: 8285        Jun 12  2 57 PM '09
3  Leon Greenberg Professional Corporation
   633 South 4th Street - Suite 4
4  Las Vegas, Nevada 89101
   (702) 383-6085
5  (702) 385-1827(fax)

6  CHRISTIAN GABROY, ESQ.  NSB#: 8805
   Gabroy Law Offices
7  170 S. Green Valley Parkway - Suite 280
   Henderson Nevada 89012
8  (702) 259-7777
   (702) 259-7704 (fax)
9
   Attorneys for Plaintiffs
10

11                      DISTRICT COURT

12                  CLARK COUNTY, NEVADA

13

14  JODI ALLERTON, Individually      )
    and on behalf of others          )
15  similarly situated,              )
                                     )   A09-592383-C
16          Plaintiffs,              )
                                     )   Case No.:
17  vs.                              )
                                     )   Dept. No.:
18  SPRINT NEXTEL CORPORATION and    )
    JOHN DOES I through XXX,         )   ARBITRATION EXEMPTION
19  actual names and number          )   CLAIMED BECAUSE THIS IS A
    unknown,                         )   CLASS ACTION CASE
20                                   )
                                     )   A-09-592383-C
21                                   )   168429
                                     )
22          Defendants.              )

23

24       CLASS ACTION COMPLAINT FOR VIOLATION
      OF STATE AND FEDERAL STATUTES AND BREACH OF CONTRACT
25

26      COMES NOW Plaintiffs, JODI ALLERTON, Individually and on

27  behalf of others similarly situated, by and through her attorney,

28  Leon Greenberg Professional Corporation, Mark Thierman and Christian

                               1

Gabroy, as and for a Complaint for Violation of State and Federal
Statutes and Breach of Contract and Damages alleges as follows:

PARTIES AND PRELIMINARY STATEMENT

1.   The plaintiff is a resident of Clark County, Nevada, and
current employee of the defendant.

2.   The defendant SPRINT NEXTEL CORPORATION ("Sprint") is a
corporation existing and established pursuant to the laws of the
State of Kansas  and conducts business in Nevada either directly or
through one of the other JOHN DOE defendants as its agent or alter
ego.

3.   The defendants JOHN DOES I through XXX, actual names
and number unknown, are one or more entities that are claimed to
be liable, as a matter of law, for the various violation of statute,
and breach of contract, claims made by the plaintiffs herein, and
when such entities are properly identified it is intended that they
will be named as defendants in this case under their proper names,
such entities upon information and belief being wholly controlled
subsidiaries or operating arms of the defendant Sprint.

4.   This Court has jurisdiction over the claims presented on
the First Claim for Relief herein pursuant to 29 U.S.C. §§  201-219,
known as the Fair Labor Standards Act ("the FLSA") and specifically
under the provisions of 29 U.S.C. § 216(b).

5.   The acts complained of herein took place in Nevada, and
primarily in Clark County.

6.   The defendants engage in for-profit businesses which have
gross revenue in excess of $500,000 per annum and are engaged in the
production of goods for interstate commerce and/or the use and/or

2

1   handling of goods which have moved in interstate commerce as such

2   terms are defined in the FLSA and are employers subject to the

3   jurisdiction of the FLSA.

4

5                    THE PROPOSED CLASS CLAIMS AND PARTIES

6        7.    There are numerous persons who are similarly situated to

7   the named plaintiff in respect to the named plaintiff's claims under

8   Nevada Law, in that such similarly situated persons, like the named

9   plaintiff, performed substantial work, labor and services for the

10  defendants and did not receive the compensation required by the

11  various Nevada Statutes alleged herein, and/or failed to receive the

12  compensation required by their contracts of employment and as

13  detailed hereafter such circumstances warrant the granting of class

14  certification on such State Law claims of the plaintiff pursuant to

15  N.R.C.P. Rule 23.

16       8.    That the persons similarly situated to the named plaintiff

17  and described in paragraph 7 constitute a class of persons that are

18  so numerous that joinder of all such persons individually is

19  impractical, such class consisting of all hourly wage earners of the

20  defendants who were injured by the defendant's violations of

21  Nevada's statutes, and defendant's breach of contract, that are

22  detailed herein.

23       9.    There are questions of law and fact common to the plaintiff

24  class that predominate over any questions affecting only individual

25  members of the plaintiff class, specifically whether the defendant

26  has any legal obligation to the class members under Nevada Law and

27  if so what is the extent of such obligation.

28       10.   The claims of the named plaintiff are typical of the

3

1 claims of the above described plaintiff class, in that the interests
2 of the named plaintiff are co-extensive with the interests of the
3 other members of the plaintiff class, there is a lack of adverse
4 interests between the named plaintiff and the other members of the
5 plaintiff class, and common questions of law and fact exist as to
6 the claims of the named plaintiff and the claims of the members of
7 the plaintiff class.

8     11.  The named plaintiff will fairly and adequately protect the
9 interests of the plaintiff class and serve as an adequate
10 representative plaintiff on behalf of the plaintiff class.

11     12.  A class action pursuant to N.R.C.P. Rule 23 is superior
12 to other available methods for the fair and efficient adjudication
13 of the plaintiff class members' claims under Nevada Law.

14
15         AS AND FOR A FIRST CLAIM FOR RELIEF ON
BEHALF OF PLAINTIFF JODI ALLERTON AND
16 ALL OTHER PERSONS WHO CHOOSE TO FILE A
WRITTEN CONSENT TO JOIN THIS ACTION AS
A PLAINTIFF PURSUANT TO 29 U.S.C. §
17 216(b) OF THE FAIR LABOR STANDARDS ACT

18
19     13.  The plaintiff JODI ALLERTON ("the named plaintiff")
20 brings this First Claim for Relief pursuant to 29 U.S.C. § 216(b) on
21 behalf of herself and all other similarly situated persons who
22 consent in writing to join this action as plaintiffs pursuant to 29
23 U.S.C. § 216(b), and upon information and belief there are numerous
24 such similarly situated persons.

25     14.  Pursuant to the applicable provisions of the FLSA,
26 including but not limited to 29 U.S.C. § 206 and § 207, the
27 plaintiff was entitled to a minimum wage and an overtime hourly wage
28 of time and one-half her regular hourly wage for all hours worked in

4

excess of forty hours per week, the defendant employed the
plaintiff, the plaintiff worked more than 40 hours per week for the
defendant in the defendant's telephone customer call service center
and defendant willfully failed to make said overtime and/or minimum
wage payments by having the plaintiff and its other similarly
situated employees perform "off the clock" work that the time
consumed performing was neither recorded by the defendant nor paid
by the defendant, but such amounts of time, although typically small
in amount each work day, were constant and cumulatively
considerable.

   15.   Defendant's failure to pay the plaintiff her proper wages
as required under the FLSA arose from the following circumstance:

       (a) The plaintiff was required to work for certain periods
of time during which he was paid nothing at all.

   16.   The named plaintiff on behalf of herself and all other
similarly situated plaintiffs who consent in writing to join this
action, seek, on this First Cause of Action, a judgment against
defendants for unpaid overtime wages and/or minimum wages, such sums
to be determined based upon an accounting of the hours worked by,
and wages actually paid to, such plaintiffs, and also seeks an award
of liquidated damages, attorney's fees, interest and costs as
provided for by the FLSA.


                    AS AND FOR A SECOND CLAIM FOR RELIEF
                    ON BEHALF OF PLAINTIFF JODI ALLERTON
                    AND ALL PERSONS SIMILARLY SITUATED
                    PURSUANT TO NEVADA'S LABOR LAW


   17.   Plaintiff repeats and reiterates each and every allegation
previously made herein.

                                  5

18.   The named plaintiff brings this Second Claim for Relief against the defendant pursuant to NRS § 608.180 for non-payment of overtime wages on behalf of herself and the proposed plaintiff class members.

19.   Pursuant to NRS § 608.018 plaintiffs were also entitled to the payment of wages at time and one-half their normal hourly rate when they worked in excess of 8 hours a day or 40 hours a week, and the plaintiffs were not paid such required wages because they were denied any payment whatsoever for certain periods of time that they worked for the defendants and/or because they were not paid overtime wages calculated in compliance with the requirements of Nevada law.

20.   The defendants' actions in violating NRS § 608.018 were deliberate and repeated, the defendants having in the last five years been subjected to litigation over exactly such practices and despite such litigation and defendants' awareness of the illegality of such practices defendants have willfully continued such practices; defendants will continue to engage in such practices irrespective of an award of damages to the plaintiff class as the defendants profit greatly by such violations of law even after being required to pay damages for such violations of law in repeated litigations; and as a result of such circumstances an award of damages to the plaintiff class would be insufficient relief and the plaintiff class to protect themselves from the ongoing and continuing injury they will otherwise sustain from the defendants' conduct should receive suitable equitable relief, in the form of a preliminary and permanent injunction, the appointment of a limited receiver or Court supervised monitor, and such other appropriate

6

1  measures of equitable relief as are necessary to insure defendants

2  comply with such statutes.

3      21.  The named plaintiff on behalf of herself and the proposed

4  plaintiff class members, seeks, on this Second Claim for Relief, a

5  judgment against defendant for overtime wages, such sums to be

6  determined based upon an accounting of the hours worked by, and

7  wages actually paid to, the plaintiff and those similarly situated,

8  and also seeks an award of attorney's fees, interest and costs, and

9  suitable equitable relief, as provided for by Nevada Law.

10

11                   AS AND FOR A THIRD CLAIM FOR RELIEF ON
                     BEHALF OF PLAINTIFF JODI ALLERTON AND
12                   ALL PERSONS SIMILARLY SITUATED UNDER
                     NEVADA LAW FOR BREACH OF CONTRACT
13

14      22.  Plaintiff repeats and reiterates each and every allegation

15  previously made herein.

16      23.  The named plaintiff brings this third claim for relief for

17  breach of contract under Nevada law.

18      24.  The named plaintiff and those similarly situated to her

19  all had contracts of employment with the defendants whereby the

20  defendants agreed to pay such plaintiffs a certain set hourly wage

21  for each hour and fraction thereof that they worked.

22      25.  The defendant breached its contract with the plaintiff by

23  failing to pay such promised hourly wages, specifically by failing

24  to pay the plaintiff anything whatsoever for certain hours or

25  portions thereof that she performed work for the defendant.

26      26.  The named plaintiff on behalf of himself and the proposed

27  plaintiff class members, seeks, on this Third Claim for Relief, a

28  judgment against defendant for the unpaid wages owed to the named

                                  7

1  plaintiff and the plaintiff class members as a result of the

2  defendants' breach of its contract with the named plaintiff and the

3  plaintiff class members, and also seeks an award of attorney's fees,

4  interest and costs, as provided for by Nevada Law.

5              AS AND FOR A THIRD CLAIM FOR RELIEF ON BEHALF OF
               PLAINTIFF JODI ALLERTON AND ALL PERSONS SIMILARLY
6              SITUATED UNDER N.R.S. § 608.040.

7      27.  Plaintiff repeats and reiterates each and every

8  allegation previously made herein.

9      28.  The individual plaintiff, and numerous members of the

10  plaintiff class, prior to the initiation of this litigation, were

11  discharged or resigned from their employment with the defendants and

12  at the time of such discharge or resignation were owed unpaid wages

13  by the defendants.

14     29.  The defendants have failed and refused to pay such

15  individual plaintiff and numerous members of the plaintiff class

16  their earned but unpaid wages, such conduct by the defendants

17  constituting a violation of N.R.S. § 608.020, or § 608.030 and

18  giving rise to a claim under N.R.S. § 608.040.

19     30.  As a result of the foregoing the individual plaintiff

20  seeks on behalf of themselves and numerous similarly situated

21  members of the plaintiff class, a judgment against the defendants

22  for the penalty prescribed by Nevada Revised Statutes § 608.040, to

23  wit, for a sum equal to up to thirty days wages, along with

24  interest, costs and attorney's fees.

25

26     WHEREFORE, plaintiff demands the relief on each cause of action

27  as alleged aforesaid, together with costs, interest, equitable

28  relief, attorney's fees and such other relief as the Court deems

8

1  just.

2      Plaintiffs demand a trial by jury on all issues so triable.

3

4      Dated this 12th day of June, 2009.

5

6                        Leon Greenberg Professional Corporation

7

8                        By:_____
                         LEON GREENBERG, Esq.
9                        Nevada Bar No.: 8094
                         633 South 4th Street - Suite 4
10                       Las Vegas, Nevada 89101
                         (702) 383-6085
11                       Attorney for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              9

CONSENT TO JOINDER


by signing below, hereby consents to join this case as a
plaintiff pursuant to 29 U.S.C. 216(b).

ORIGINAL

1    **SUMM**

2    Leon Greenberg, NSB 8094
3    A Professional Corporation
     633 S, 4th St., suite 4
4    Las Vegas, NV  89101
     702-383-6085
5    Attorney for Plaintiffs

6                          DISTRICT COURT

7                      CLARK COUNTY, NEVADA

8

9    JODI ALLERTON, individually and
10   on behalf of all others
11   similarly situated                    A-09592383-C
12              Plaintiff(s),       CASE NO.
                                            X
13            -vs-                  DEPT. NO.

14

15   SPRINT NEXTEL CORPORATION   and
     "John Doe" entities 1 to 25,
16   name and number unknown,

17              Defendants

18

19                        **SUMMONS - CIVIL**

20   **NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU
     WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.**
21   **READ THE INFORMATION BELOW.**

22   **TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against

23   you for the relief set forth in the Complaint.

24       1.     If you intend to defend this lawsuit, within 20 days after this Summons

25              is served on you, exclusive of the day of service, you must do the

26              following:

27              (a) File with the Clerk of this Court, whose address is shown below, a

28                  formal written response to the Complaint in accordance with the

                    rules of the Court, with the appropriate filing fee.

                                                          SUMM Civil/6/12/2009

(b) Serve a copy of your response upon the attorney whose name and
address is shown below.

2.      Unless you respond, your default will be entered upon application of the
Plaintiff(s) and failure to so respond will result in a judgment of default
against you for the relief demanded in the Complaint, which could result
in the taking of money or property or other relief requested in the
Complaint.

3.  If you intend to seek the advice of an attorney in this matter, you should do
so promptly so that your response may be filed on time.

4.      The State of Nevada, its political subdivisions, agencies, officers,
employees, board members, commission members and legislators
each have 45 days after service of this Summons within which to file an
Answer or other responsive pleading to the Complaint.

CLERK OF THE COURT

MARY ANDERSON

Submitted by:

By: _____  JUN 12 2009
Deputy Clerk                Date

LEON GREENBERG, ESQ.            Regional Justice Center
633 S. 4th Street, Suite 4       200 Lewis Avenue
Las Vegas, NV  89101            Las Vegas, NV 89155
702-383-6085
Attorney for Plaintiffs

NOTE: When service is by publication, add a brief statement of the
object of the action.  See Nevada Rules of Civil Procedure 4(b)

SUMM Civil/6/12/2009

07/14/2009 TUE 12:55   FAX 702 385 1827 Leon Greenberg                    ☑004/005

1  .AFFIDAVIT OF SERVICE
2  STATE OF NEVADA    )
                      )  ss:
3  COUNTY OF CLARK    )

4  John Donnell being duly sworn, says: That at all times herein affiant was and is over
5  18 years of age, not a party to nor interested in the proceeding in which this affidavit
6  is made.  That affiant received ___1___ copy(ies) of the Summons and Complaint,
7  ____ on the _19_ day of _June_, 20 _09_ and served the same on the _22_ day
8
9  of _June_, 20 _09_ by:

10        (Affiant must complete the appropriate paragraph)

11  1.     Delivering and leaving a copy with the Defendant _____ at (state address)
12         ____

13
14  2.     Serving the Defendant _____ by personally delivering and leaving a copy with
15         _____, a person of suitable age and discretion residing at the Defendant's
16         usual place of abode located at (state address) _____

         **[Use paragraph 3 for service upon agent, completing (a) or (b)]**
17
18  3.     Serving the Defendant __1__ by personally delivering and leaving a copy at
       (state address) _____ CORPORATION SERVICE COMPANY
                               300 SW 30th Street
19
20     (a)   With _____ as _____, an agent lawfully designated by statute to accept
              service of process;
21
22     (b)   With __1__, pursuant to NRS 14.020 as a person of suitable age and
23            discretion at the above address, which address is the address of the
              resident agent as shown on the current certificate of designation filed
24            with the Secretary of State.  Served Theresa Burns
25                                                 Legal Sec,
26  4.     Personally depositing a copy in a mail box of the United States Post Office,
27         enclosed in a sealed envelope, postage prepaid (Check appropriate method):
28
                                    ☐ Ordinary mail
                                    ☐ Certified mail, return receipt requested
                                    ☐ Registered mail, return receipt requested

                                    3

07/14/2009 TUE 12:55   FAX 702 385 1827 Leon Greenberg                                         ☑005/005

1
2       addressed to the Defendant _____ at  Defendant's last known address which
        is
3
4       (state address) _____

5       I declare under penalty of perjury under the law of the State of Nevada that the

6    foregoing is true and correct.

7       EXECUTED this  22  day of June, 20  09 .
8
9
10                                    _____
11                                    Signature of person making service
12                                    John F. Donnelly
                                      AmFast Delivery
13                                    3900 SW 40TH TERR
14                                    Topeka, Ks  66610
15                                    ( 785-249-2358
16
17
18
19
20
21
22
23
24
25
26
27
28

                                       4

                                                          SUMM Civil/6/12/2009

# EXHIBIT 2

# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| JODI ALLERTON, Individually and on behalf of others similarly situated, | : No. _____ |
| | : |
| Plaintiffs, | : **ECF CASE** |
| | : |
| against | : Eighth Judicial District Court of Nevada, |
| | : Clark County |
| SPRINT NEXTEL CORPORATION and JOHN DOES I through XXX, actual names and number unknown, | : Case No. A-09-592383-C |
| | : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## AFFIDAVIT OF TAYLOR KITCHIN

STATE OF COLORADO      )
                                          ) ss.
COUNTY OF DOUGLAS     )

Taylor Kitchin deposes and says under penalty of perjury:

1.      I am Taylor Kitchin, a Human Resource Manager for Sprint Nextel Corporation.  The facts set forth herein are true based on my personal knowledge of the records available to me as they are kept in the ordinary course of business, my general knowledge of the business practices of Sprint, and information provided to me by persons upon whom I regularly rely in the course of my duties.

2.      Plaintiff Jodi Allerton ("Allerton") was employed by Sprint from November 5, 2007 through March 12, 2009.

3.      Upon her departure from Sprint, Allerton's hourly wage was $12.8625.

4.      During her employment with Sprint, Allerton worked, on average, 42.88

hours per week, including paid time off.

Sworn to before me this 20 day of July 2009.

Notary Public