1
2
3

MARK R. THIERMAN (STATE BAR NO. 8285)
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, NV 89511
Telephone:    775-284-1500

4
5
6

LEON GREENBERG (STATE BAR NO. 8094)
LEON GREENBERG PROFESSIONAL CORPORATION
633 South 4th Street, Suite 4
Las Vegas, NV 89101
Telephone:    702-383-6085
Facsimile:    702-385-1827

7

**Attorneys for Plaintiffs**

8
9
10
11
12

ELISE BLOOM, ESQ.
STEVEN HURD, ESQ.
PROSKAUER ROSE LLP
11 Times Square
New York, NY 10036
Telephone: 212-969-3000
Facsimile: 212-969-2900

13
14
15
16

KIRBY SMITH, ESQ.
Lionel Sawyer & Collins
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101
Telephone: (702) 383-8888
Facsimile: (702) 383-8845

17

**Attorneys for Defendant**

18
19

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

20
21
22
23
24
25
26

JODI ALLERTON, Individually and on behalf of
others similarly situated,

          Plaintiffs,

          against

SPRINT NEXTEL CORPORATION and JOHN
DOES I through XXX, actual names and number
unknown,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:09-CV-01325 (RLH/GWF)
**NUNC PRO TUNC CORRECTED**
ORDER GRANTING
PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

27
28

      The Court has before it Plaintiffs' unopposed motion for preliminary approval of a

- 1 -

1    proposed class action settlement ("Settlement").  After reviewing the Motion for Preliminary

2    Approval and the Joint Stipulation of Settlement and Release filed with the Court, the Court

3    hereby finds and orders as follows:

4         1.    The Court finds that after its November 16, 2009 Order granting conditional

5    certification of the alleged FLSA claims as to all current and former hourly, non-salaried

6    employees in Credit, Business Wireless Technical Support (BWTS) and Business Customer

7    Service (BCS) departments of Defendant Nextel of California, Inc.'s ("Sprint" or "Defendant")

8    Las Vegas, Nevada call center between June 12, 2006 and June 6, 2009 and whose duties

9    included, in whole or in part, answering and handling incoming calls from Defendant's

10   customers, notice was sent to such potential plaintiffs providing them the opportunity to opt into

11   the Action.  A total of 88 persons, including the named plaintiff, filed consents to join this

12   litigation under the FLSA as a result of the circulation of such notice or otherwise.

13        2.    The Court finds on a preliminary basis that the Settlement memorialized in the

14   Joint Stipulation of Settlement and Release ("Stipulation") appears to be fair, adequate and

15   reasonable, falls within the range of reasonableness, and therefore meets the requirements for

16   preliminary approval and grants such preliminary approval, subject to any objections by members

17   of the below specified settlement Class and final review by the Court.

18        3.    The Court conditionally certifies for settlement purposes only the following Rule

19   23 class ("Class"):

20        All individuals who worked for Defendant Nextel of California, Inc. as hourly, non-

21   salaried employees in the Credit, Business Wireless Technical Support, and Business Customer

22   Service departments of Sprint's Las Vegas, Nevada call center between June 12, 2006 and June 6,

23   2009 and whose duties included, in whole or in part, answering and handling incoming calls from

24   Defendant's customers.

25        4.    The Court finds, for purposes of settlement only, that the Class meets the

26   requirements for certification and/or collective treatment under the Fair Labor Standards Act (29

27   U.S.C. § 216(b)) and Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

28        5.    The Court, for settlement purposes only, directs that John Henderson be added to

- 2 -

this case as a Named Plaintiff and that the caption of this case be accordingly amended.   The Court, for settlement purposes only, appoints Named Plaintiffs Jodi Allerton and John Henderson as class representatives for the Class.

6.      The Court appoints for settlement purposes only, Mark Thierman of the Thierman Law Firm, Christian Gabroy of the Gabroy Law Office and Leon Greenberg of Leon Greenberg Professional Corporation as counsel for the Class.

7.      The Court appoints Kurtzman Carson Consultants LLC as the Settlement Administrator and preliminarily finds that the estimated settlement administration costs of $30,000 are fair and reasonable.

8.      The parties are ordered to carry out the settlement according to the terms of the Stipulation.

9.      The Court approves, as to the form and content, the Notice of Proposed Class Action Settlement ("Notice"), attached hereto as Exhibit A, which informs the members of the Class of the terms of the proposed Settlement, the preliminary approval of the Settlement, and the scheduling of the Final Approval Hearing, the Claim Form attached hereto as Exhibit B and the Request for Exclusion Form attached hereto as Exhibit C.  The Court finds that the dates selected for the mailing, distribution and response to the Notice, Claim and Exclusion Forms meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

10.      The Court enjoining Plaintiffs and all Class Members from filing or prosecuting any claims, suits or administrative proceedings regarding claims that would be released upon the final approval of the Settlement and the final judgment to be entered thereon, unless and until such Class Members have filed valid Exclusion forms with the Claims Administrator and the time for filing claims with the Claims Administrator has elapsed.

11.      The Court orders the following schedule of dates for further proceedings:

a.      The Notice, Claim and Exclusion Forms shall be mailed by first class mail by the Settlement Administrator no later than 30 days from the date of this Order, and if such date falls on a Saturday, Sunday or legal holiday the next business day.

- 3 -

1         b.  Deadline for serving and filing Motion for Final Approval:  **May 20, 2011.**

2         c.  Final Approval Hearing:  **June 23, 2011, at 2:00 p.m.**

3

4   IT IS SO ORDERED.

5

6   Dated:  March 15, 2011.                         _____

7                                Roger L. Hunt
                                    UNITED STATES DISTRICT JUDGE

- 4 -

# EXHIBIT "A"

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JODI ALLERTON and JOHN HENDERSON, Individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>against<br><br>SPRINT NEXTEL CORPORATION and JOHN DOES I through XXX, actual names and number unknown,<br><br>    Defendant. | Case No. 2:09-CV-01325 (RLH/GWF)<br><br>**CLASS ACTION**<br><br>**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT** |

TO:   **All individuals who worked for Defendant Nextel of California, Inc., incorrectly named in the Complaint as Sprint Nextel Corporation, ("Sprint" or "Defendant") as hourly, non-salaried employees in the Credit, Business Wireless Technical Support (BWTS) and Business Customer Service (BCS) departments of Sprint's Las Vegas, Nevada call center between June 12, 2006 and June 6, 2009 and whose duties included, in whole or in part, answering and handling incoming calls from Defendant's customers.**

### THIS NOTICE AFFECTS YOUR RIGHTS.
### PLEASE READ IT CAREFULLY.

_____

   YOU ARE HEREBY NOTIFIED that a proposed settlement ("Settlement") of the above-captioned class action ("Action") pending in the United States District Court, District of Nevada (the "Court") has been reached by the Parties and has been granted preliminary approval by the Court supervising the Action.  The purpose of this Notice is to describe the Action, to inform you of the terms of the proposed Settlement, and to inform you of your rights and options in connection with the proposed Settlement.  The proposed Settlement will resolve all claims in this Action.  A Final Approval Hearing will be held on _____, 2011, to determine whether the Action should be granted final approval.  Because your rights may be affected, it is extremely important that you read this Notice carefully.  You must file a claim which is postmarked by _____, 2011 to participate in the Settlement.  Unless you choose to opt out of the Settlement, you will be bound by the Settlement, if it is approved, and by any order entered by the Court.

Page 1

## SUMMARY OF THE ACTION

1.      On or about June 12, 2009, Plaintiff Allerton filed a proposed Class Action Complaint against Defendant in District Court, Clark County, Nevada on behalf of herself and others similarly situated.   In that Complaint she alleged claims under both Nevada law and the Fair Labor Standards Act (the "FLSA") in respect to the alleged non-payment of overtime wages and/or other wages to a class alleged to consist of Defendant's Credit, Business Wireless Technical Support and Business Customer Service employees working at the Las Vegas, Nevada Call Center.  On or about July 21, 2009, Defendant filed a notice of removal to the United States District Court for the District of Nevada.  As part of the proposed Settlement on _____ [enter date of preliminary approval order], the Court added John Henderson as a named Plaintiff to this case.  On  November 16, 2009, the U.S. District Court in Nevada granted conditional certification of the alleged FLSA claims as to all current and former Credit, Business Wireless Technical Support and Business Customer Service employees working at Defendant's Las Vegas, Nevada Call Center at anytime between July 12, 2006 to June 6, 2009 who worked in whole or in part answering incoming customer calls (hereinafter referred to as a "Class Position") and authorized that notice be sent to such potential plaintiffs providing them the opportunity to opt into the Action.  After extensive discovery and an exchange of relevant information, the Parties agreed to enter into private mediation before the Mediator, to try and resolve Plaintiffs' claims.  A mediation was held on October 13, 2010, and the Plaintiffs and Defendant thereafter reached the Settlement that is memorialized in this Stipulation.

2.      You have received this Notice because Defendant's records show you were employed as a Class Member and your rights may be affected by this Settlement.

## POSITIONS OF THE PARTIES

3.      Defendant denies and continues to deny each of the claims in the Action.  Defendant contends that all of its employees have been compensated in compliance with the law, and that its conduct was not willful with respect to any alleged failure to pay any wages (including but not limited to overtime, minimum wage, and a all other wages), the classification of employees as exempt from overtime, and/or with respect to any of its compensation practices.  Defendant has repeatedly asserted and continues to assert defenses to the claims in the Action, and has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action.  Neither the proposed Settlement nor any action taken to carry out the proposed Settlement is, may be construed as, or may be used as an admission, concession or indication by or against Defendant of any fault, wrongdoing or liability whatsoever.

4.      Counsel for the Plaintiffs ("Plaintiffs' Counsel") has extensively investigated and researched the facts and circumstances underlying the issues raised in the Action, and the law applicable thereto.  Plaintiffs' Counsel recognizes the expense and length of continued proceedings necessary to continue the Action against Defendant through trial and through any possible appeals.  Plaintiffs' Counsel has also taken into account the uncertainty and the risk of the outcome of further litigation, including the risk that the class might not be certified in light of Defendant's opposition to certification as well as the difficulties and delays generally inherent in such litigation.

5.    Plaintiffs' Counsel is also aware of the burdens of proof necessary to establish liability for the claims, of Defendant's defenses thereto, and of the difficulties in establishing damages for the Class Members.  Plaintiffs' Counsel has also taken into account the extensive settlement negotiations conducted by the Parties.  Based on the foregoing, Plaintiffs' Counsel believes the proposed Settlement is fair, adequate and reasonable and in the best interests of the Class Members.

6.    Defendant has also extensively investigated and researched the facts and circumstances underlying the issues raised in the Action, and the law applicable thereto.  Although Defendant believes it has meritorious defenses to the Action, Defendant has concluded that the further defense of this Action would be lengthy and expensive for all Parties.  Defendant has, therefore, agreed to settle this Action in the manner and upon the terms set forth in the proposed Settlement to put to rest all claims that are or could have been asserted against it in the Action.

7.    The Court has made no ruling on the merits of Class Members' claims and has determined only that certification of the Class for Settlement purposes is appropriate under federal law.

## PRELIMINARY APPROVAL OF THE SETTLEMENT

8.    On _____, 2011, the Court appointed the following attorneys as Plaintiffs' Counsel to represent the Class in this Action:

Leon Greenberg
Leon Greenberg Professional Corporation
633 South 4th Street, Suite 4
Las Vegas, NV 89101

Mark R. Thierman
Thierman Law Firm
7287 Lakeside Drive
Reno, NV 89511

Christian Gabroy
Gabroy Law Office
170 S. Green Valley Parkway - Suite 280
Henderson Nevada 89012

9.    On _____ 2011 for purposes of the Settlement, Judge Roger L. Hunt of the United States District Court, District of Nevada, certified a Class consisting of hourly compensated non-salaried employees employed by Defendant in Nevada from June 12, 2006 to June 6, 2009 who worked as Credit, Business Wireless Technical Support and Business Customer Service employees at Defendant's Las Vegas, Nevada Call Center and who worked in whole or in part answering incoming customer.

10.     If you are a member of the Class, you will be bound by the proposed Settlement described below if it is approved, unless you are eligible to and do make a written request for exclusion in the manner described below.

### SUMMARY OF SETTLEMENT TERMS

11.     The following is a summary of the provisions of the proposed Settlement between the Plaintiff, the Class, and Defendant.  The specific and complete terms of the proposed Settlement are described in the Stipulation and Settlement Agreement of Claims ("Settlement Agreement"), a copy of which is available for your review as set forth at the end of this Notice.

12.     The Court will hold a Final Approval Hearing on the Settlement Agreement in Courtroom ____ of the United States District Court, District of Nevada, located at 333 S. Las Vegas Boulevard, Las Vegas, Nevada, at _____ [*time*] on _____, 2011, at which time the Court will determine whether to grant final approval to the Settlement.  You do not need to attend that hearing to participate in the proposed settlement.

13.     <u>Settlement Amount</u>.   The  Agreement  provides  that  Defendant  will  pay  up  to $700,000.00 (the "Settlement Fund") to fully resolve the issues in the Action.  After the following Court-approved deductions, the remaining amount (the "Net Settlement Amount") will be distributed to Class Members who do not opt-out and who timely file claims ("Authorized Claimants") pursuant to the Court approved plan of allocation, which is proposed below and is based on the Class Member's weeks worked in the Class during the Class Period and a whether a class member has previously elected to become an FLSA "opt in" plaintiff.  No less that 50% of all the Net Settlement Amount will be distributed to Authorized Claimants and up to 50% of the Net Settlement Amount may be retained by the Defendant as explained below.

      (a)     <u>Deductions</u>.  The following deductions will be made from the Settlement Fund:

      (i)     <u>Attorneys' Fees and Expense Award.</u>  The Court has appointed Leon Greenberg of Leon Greenberg Professional Corporation and Mark Thierman of the Thierman Law Firm and Christian Gabroy of the Gabroy Law Office as class counsel.  As part of the Settlement approval process Class Counsel will seek approval of an award of attorneys' fees of up to $225,000.00 and actual expenses of up to $15,000.00 (the "Fees and Expense Award").  Plaintiffs' Counsel shall not be permitted to petition the Court for any additional payments for fees, costs or interest and the Fees and Expense Award shall be utilized for all claims for attorneys' fees and costs, past, present and future incurred in the Action.  As part of the Settlement, you will not be required to pay Plaintiffs' Counsel for their representation of you in the Action.

      (ii)     <u>Named Plaintiff Awards</u>.  Plaintiffs' Counsel will also seek a Named Plaintiff Award of $20,000 in total to be paid to be paid in equal amounts of $10,000 each to Jodi Allerton and John Henderson in recognition of their efforts in obtaining the benefits of the Settlement for the Class and in exchange for a full release of claims against Defendant.  These Named Plaintiff Awards will be in addition to whatever payment they may otherwise be entitled to

as Authorized Claimants.  If approved by the Court, this amount will be paid from the Settlement Fund.

(iii)    <u>Claims Administration</u>. The Court has tentatively approved payment to the Claims Administrator, Kurtzman Carson Consultants LLC, to notify the class and process claims.  The payment is not expected to exceed $30,000.

(b)    <u>Payment to Class Members: Plan of Allocation</u>.  The approximate expected minimum of $410,000.00 remaining after these deductions will be the Net Settlement Amount for distribution to Authorized Claimants. Each Authorized Claimant will be entitled to a pro rata payment of the Net Settlement Amount based upon the number of weeks they are listed on defendant's records as being employed in a Class Position during the class period as a percentage of all weeks worked during the class period by all class members, with Authorized Claimants who have previously filed an FLSA consent form to "opt in" to this case and make an FLSA claim having their total number of workweeks increased by 50% for the purposes of  such calculation.  It is further provided that at least 50% of the Net Settlement Amount shall be paid to the Authorized Claimants, meaning that if class members making claims hold less than 50% of all weeks of employment that can be claimed for settlement purposes each Authorized Claimant's share of the Net Settlement Amount shall be increased pro rata to insure that at least 50% of the Net Settlement Amount is paid out to all Authorized Claimants.

(c)    <u>Tax Matters</u>.  Under the Settlement, 50% of each Settlement Award shall be deemed wages from which ordinary deductions for state and federal withholding taxes shall be made.  Additionally, 25% of each Settlement Award shall be deemed penalties, and 25% shall be deemed interest for which no deductions shall be made.  Amounts allocated as wages shall be reported on IRS Form W-2 and amounts allocated as penalties and interest shall be reported on IRS Form 1099.

(d)    <u>Conditions of the Settlement</u>.  This Settlement is conditioned upon the Court entering an order at or following the Final Approval Hearing approving the Settlement as fair, reasonable, adequate and in the best interests of the Settlement Class, and entering Judgment in accordance with the Settlement Agreement.

## <u>RELEASE OF CLAIMS</u>

All Class Members who have not validly requested exclusion from the Settlement, will be bound by the terms of the proposed Settlement if it is approved and if the Order of Final Approval dismissing the Action is entered and Judgment becomes final.  If the proposed Settlement is approved, all Class Members on their behalf, and on behalf of their respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully release and discharge Nextel of California, Inc., and Sprint Nextel Corporation and each of their present and former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, employees, members, managers, co-joint venturer, employees, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them, ("Releasees") from any and all claims, debts, losses, demands,

obligations, liabilities, penalties, causes of action, charges, grievances, complaints or suits of any type or nature, known and/or unknown, suspected and/or unsuspected, from the beginning of time to the effective date of the settlement of the Action, for violations of any federal, state or local wage and hour law, for the failure to provide wages and/or overtime pay, commissions, incentive pay, meal or rest periods, waiting time penalties, liquidated damages, any other penalties, damages for breach of contract, and any other claims whatsoever alleged or that could have been made based upon the facts alleged in the Complaint in the Action and all wage and hour claims which could have been alleged arising out of the facts alleged in the Complaint in this Action, including without limitation all claims for restitution (including interest) and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, overtime, commissions, waiting time penalties, penalties of any nature whatsoever, other compensation or benefits including 401K benefits or matching benefits, retirement or deferred compensation benefits claims on account of unpaid wages and/or overtime, attorneys' fees and costs, whether known or unknown, arising from the Class Members' employment by Defendant. In addition, the Settlement Class and each Class Member who has not submitted a valid Request for Exclusion From Class Action Settlement form forever agrees not to institute or receive any other relief from any other suit or, administrative claim or other claim of any sort or nature whatsoever against Defendant, up to and including the date of preliminary approval of the Settlement, relating to the claims being settled in this case. In addition, the Class Members who have not submitted a valid Request for Exclusion From Class Action Settlement form forever agree that they shall not institute, nor accept any other relief from, any other suit, administrative claim or other claim or proceeding of any sort or nature whatsoever against Defendant, relating to the claims being released in this case for any period up to and including the date of the Court's order granting preliminary approval of this settlement. It is further provided, that such release will not act to release or limit any rights or claims Class Members may have arising under the Fair Labor Standards Act for those Class Members who fail to file a Claim Form or who have not consented in writing to join the FLSA Class.

## PROCEDURE FOR MONETARY RECOVERY

14. If you want to participate in the Settlement and receive money under the Settlement, you must sign and date the enclosed Claim Form and mail the completed Claim Form by postage pre-paid U.S. first class mail postmarked by no later than _____, 2011 [45 days after mailing] to the Settlement Administrator at the following address:

**Sprint Settlement**
c/o

[insert address]
Telephone: 1-800-_____
Fax: _____

A copy of your Claim Form is attached. (If you need an extra copy, contact the Settlement Administrator). If any information provided on the Claim Form is incorrect, please make corrections. For example, if your address is incorrect, please indicate your correct address. Also, please provide your telephone number and any other indicated information referred to on your Claim Form if it is not provided. If you wish to have confirmation that the Settlement Administrator has

received your Claim Form, you may do so by sending it by certified U.S. Mail with a return-receipt request.  The Claim Form lists the total number of weeks that you are shown as working as a Class Member during the Class Period on Defendant's records and your projected minimum settlement payment.

15.     If you are a Class Member and you do not choose to exclude yourself from the Settlement, you will be bound by all of the provisions of the Settlement Agreement between the Parties, including a full release of claims that will prevent you from separately suing the Released Parties for the Released Claims settled in this case (see paragraph  14 above).

16.     **ANY CLASS MEMBER WHO DOES NOT SUBMIT A TIMELY CLAIM FORM WILL NOT RECEIVE A SHARE OF THE SETTLEMENT FUND.  IF YOU DO NOTHING – THAT IS, IF YOU DO NOT MAIL OR DELIVER A TIMELY CLAIM FORM, YOU WILL NOT BE ENTITLED TO A SHARE OF SETTLEMENT AMOUNT. HOWEVER, YOU WILL BE BOUND BY THE TERMS OF THE SETTLEMENT, INCLUDING THE RELEASE, EVEN THOUGH YOU DID NOT RECEIVE ANY MONEY, UNLESS YOU EXCLUDE YOURSELF IN WRITING FROM THE SETTLEMENT AS PROVIDED IN PARAGRAPH 17.**

### PROCEDURE FOR EXCLUSION

17.     Class Members may exclude themselves from (or "opt-out" of) the Settlement by mailing to the Settlement Administrator at the address listed in paragraph 14, on or before _____ _____, 2011, [45 days after mailing] a properly completed and signed Request for Exclusion Form which is provided (If you need an extra copy, contact the Settlement Administrator).  If you wish to opt-out of the Settlement in this Action your Request for Exclusion Form must be postmarked on or before _____, 2011, [45 days after mailing].  Requests to opt-out that do not include all required information, or that are not submitted on a timely basis, will be deemed null, void, and ineffective. Persons who are eligible to and do submit valid and timely requests to opt-out of the Settlement will not participate in the Settlement, nor will they be bound by the terms of the proposed Settlement, if it is approved, or the Order of Final Approval and Judgment in this action.

### OBJECTIONS TO THE PROPOSED SETTLEMENT/FINAL SETTLEMENT HEARING

18.     A Final Approval Hearing will be held before the Honorable Roger L. Hunt in Courtroom ___ of the United States District Court, District of Nevada, located at 333 S. Las Vegas Boulevard, Las Vegas, Nevada, at [*time*] on _____, 2011, to determine whether the proposed Settlement is fair, adequate and reasonable and whether it should be approved by the Court and whether the Action should be dismissed on the merits with prejudice.  The hearing may be adjourned, continued and/or rescheduled by the Court from time to time as the Court may direct without further notice.

19.     Any Class Member who wishes to object to the Settlement must file with the Court and serve on counsel for the parties and the Settlement Administrator a written statement objecting to the Settlement.  Such written statement must be filed with the Court and served on counsel for the

parties no later than forty-five (45) days after the date this Notice is first mailed.  No Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Class Member shall be received or considered by the Court at the Final Approval Hearing, unless written notice of the Class Member's intention to appear at the Final Approval Hearing, and copies of any written objections or briefs, shall have been timely filed with the Court and served on counsel for the parties and the Settlement Administrator.   Any written objections and briefs must be served on counsel for the parties and the Settlement Administrator at the following addresses:

| Settlement Administrator | Plaintiffs' Counsel | Defendant's Counsel |
|---|---|---|
| Sprint Settlement c/o [insert address] | Leon Greenberg Leon Greenberg Professional Corporation 633 South 4th Street, Suite 4 Las Vegas, NV 89101 | Elise Bloom, Esq. Proskauer Rose LLP Eleven Times Square New York, NY 10036 |

20.     Any Class Member who does not file with the Court and serve on counsel his or her written objections in the manner provided above shall be deemed to have waived such objections and shall be foreclosed from making any objections (by appeal or otherwise) to the proposed Settlement.

21.     Any Class Member who is satisfied with the proposed Settlement need not appear at the Final Approval Hearing.

## CHANGE OF ADDRESS

22.     If you move after receiving this Notice, if it was misaddressed, or if for any reason you want your payment or future correspondence concerning this Action and the Settlement to be sent to a different address, you should supply your current preferred address to the Settlement Administrator and to Plaintiffs' Counsel at the addresses listed in paragraph 19.

## EXAMINATION OF THE PAPERS AND ADDITIONAL INQUIRIES

23.     The foregoing is only a summary of the Action and the proposed Settlement and does not purport to be comprehensive.  For a more detailed statement of the matters involved in the Action and the proposed Settlement, you may refer to the pleadings, the Settlement Agreement, and other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court, District of Nevada, located in Las Vegas, Nevada, during regular business hours of each Court day.

24.     All inquiries by Class Members regarding this Notice and/or the Settlement that involve requests for information on whether a claim has been received or accepted, requests for additional copies of claim documents or information on when claims will be paid or the amount of your individual claim should be directed to the Settlement Administrator at [insert contact

information]   PLEASE DO NOT MAKE ANY INQUIRIES TO THE SETTLEMENT
ADMINISTRATOR ABOUT THE AMOUNT OF YOUR INDIVIDUAL CLAIM OR IF YOUR
CLAIM PAYMENT HAS BEEN SENT TO YOU UNTIL AFTER [INSERT DATE 10 DAYS
AFTER DATE ADMINISTRATOR IS TO MAIL CHECKS] AS THAT INFORMATION MAY
NOT BE AVAILABLE BEFORE THAT DATE.  Inquiries involving legal questions about this
Notice and/or legal questions about the Settlement or your legal rights should be directed to
Plaintiffs' Counsel, Leon Greenberg, Leon Greenberg Professional Corporation,  633 South 4th
Street, Suite 4, Las Vegas, NV 89101, (702) 383-6085, email: leongreenberg@overtimelaw.com
(email communications are preferred).

     25.    You may also retain your own attorney at your own expense.

     **PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE,
DEFENDANT OR DEFENDANT'S COUNSEL WITH INQUIRIES.**

Dated: _____, 2011      _____

                             United States District Judge

EXHIBIT "B"

## CLAIM FORM

### ALLERTON ET AL. V. SPRINT ET AL.

Claim #: _____          Name/Address Changes (please enter only if

                                     applicable):

«First1» «Last1»                     _____

«CO»                                 _____

«Addr2»                              _____

«Addr1»                              _____

«City», «St» «Zip»   «Country»       _____

**To participate in this Settlement, this Claim Form must be completed and postmarked no later than _____.**

## GENERAL INFORMATION

**If you were employed by Nextel of California, Inc. ("Sprint" or "Defendant")** as an hourly, non-salaried employee in the Credit, Business Wireless Technical Support (BWTS) and/or Business Customer Service (BCS) departments of Sprint's Las Vegas, Nevada call center between June 12, 2006 and June 6, 2009 and your duties included, in whole or in part, answering and handling incoming calls from Defendant's customers **you are a Class Member and may be eligible to receive a monetary award from the Settlement of this Action.** In order to receive money from the Settlement, you must sign this Claim Form and return it by first-class mail, postmarked no later than [DATE] to the following address:

**Sprint Wage and Hour Settlement**
**P.O. Box XXXX**
**-XXXX**
**1-800-XXX-XXXX**

A return envelope is provided. If you fail to submit your Claim Form by that date, your claim will be rejected and you will not receive any money in connection with the Settlement (although you will be bound by the other provisions of the Settlement approved by the Court). A Claim Form will be deemed submitted when sent by first class mail and postmarked.

## CLAIM INFORMATION

According to Defendant's records, you were a class member for ___ weeks. [For FLSA opt ins only: Because you have previously filed a consent form with the Court to make a claim under the Fair Labor Standards Act in this case your total number of work weeks for the purposes of this settlement have been increased by 505.] You are entitled to     % of the minimum projected amount of $410,000 that will be available to pay class member claims. Your minimum payment is estimated to be at least            $ [insert dollar figure] and you may receive more than amount if you submit a claim.

## YOUR RELEASE OF LEGAL CLAIMS

By completing this form and accepting benefits under the settlement of this Action, you, on your behalf, and each of your current, former and future heirs, spouses, executors, administrators, agents, and attorneys do hereby release Nextel of California, Inc., and Sprint Nextel Corporation and each of their present and former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, members, managers, co-joint venturer, employees, fiduciaries, trustees, employee benefit plan administrators, agents,

CLAIM FORM

attorneys, insurers, successors and assigns, and all persons or entities acting by, through under or in concert with any of them, and any individual or entity which could be jointly liable with Nextel of California, Inc., Sprint Nextel Corporation, or any of them ("Releasees") for all claims, debts, wages, overtime, commissions, losses, demands, obligations, liabilities, penalties, liquidated damages, causes of action, charges, grievances, complaints or suits of any type or nature, known and/or unknown, suspected and/or unsuspected, from the beginning of time to the effective date of the settlement of this Action, for violations of any federal, state or local wage and hour law for the failure to provide wages and/or overtime pay, commissions, incentive pay, meal or rest periods, waiting time penalties, liquidated damages, any other penalties, damages for breach of contract, and any other claims whatsoever alleged or that could have been made based upon the facts alleged in the Complaint in the Action and all wage and hour claims which could have been alleged arising out of the facts alleged in the Complaint in this Action, including without limitation all claims for restitution (including interest) and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, overtime, commissions, waiting time penalties, penalties of any nature whatsoever, other compensation or benefits including 401K benefits or matching benefits, retirement or deferred compensation benefits claims on account of unpaid wages and/or overtime, attorneys' fees and costs, whether known or unknown, arising from the Class Members' employment by Defendant.  In addition, you, on your behalf, and each of your current, former and future heirs, spouses, executors, administrators, agents, and attorneys forever agree not to institute or receive any other relief from any other suit or, administrative claim or other claim of any sort or nature whatsoever against Defendant, up to and including the date of preliminary approval of the Settlement, relating to the claims being settled in this case.  Furthermore, you, on your behalf, and each of your current, former and future heirs, spouses, executors, administrators, agents, and attorneys forever agree that you shall not institute, nor accept any other relief from, any other suit, administrative claim or other claim or proceeding of any sort or nature whatsoever against Defendant, relating to the claims being released in this case for any period up to and including the date of the Court's order granting preliminary approval of this settlement.  If you have not previously consented in writing to make a claim under the Fair Labor Standards Act, this release will not limit any rights or claims that you may have arising under the Fair Labor Standards Act.

## DECLARATION OF CLASS MEMBER

1.      I have received the Notice of Class Action Settlement.  I submit this Claim Form under the terms of the proposed settlement described in the Notice.  I also submit to the jurisdiction of the United States District Court, District of Nevada with respect to my claim as a Class Member and for purposes of enforcing the release of claims stated in the Settlement Agreement on file with the Court and the Notice.  The full and precise terms of the proposed settlement are contained in the Settlement Agreement filed with the Court.  I further acknowledge that I am bound by the terms of any Judgment that may be entered in this class action.  I agree to furnish additional information to support this claim if required to do so.

If I am the executor and/or heir of a Class Member or a representative of a Class Member, I have provided appropriate documentation about the capacity in which I am submitting this Claim Form on separate sheets attached.

I declare under penalty of perjury that the foregoing information is true and accurate, that I have read and understand the Notice that was mailed with this Claim Form, and agree to abide by the terms of the Notice and this Claim Form.

**Please complete the Taxpayer Identification Number Certification - IRS Substitute Form W-9 below, sign the Claim Form, and mail it to the Claim Administrator at the address provided below.**

| **Taxpayer Identification Number Certification - Substitute IRS Form W-9** |
|---|
| Enter your Social Security Number:  ☐☐☐ -- ☐☐ -- ☐☐☐☐ |

6804/66816-050 Current/22036741v3

Under penalties of perjury, I certify that:

1.  The social security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); **and**

2.  I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, **and**

3.  I am a U.S. person (including a U.S. resident alien).

Note:  If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.

**The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.**

Dated: _____          _____
                                                              (Signature)

- 3 -
CLAIM FORM

EXHIBIT "C"

## REQUEST FOR EXCLUSION FORM

### ALLERTON ET AL. V. SPRINT ET AL.

Claim #: _____     Name/Address Changes (please enter only if applicable):

«First1» «Last1»     _____

«CO»     _____

«Addr2»     _____

«Addr1»     _____

«City», «St» «Zip»   «Country»     _____

**For this Request for Exclusion to be effective this Form must be completed and postmarked no later than _____.**

### GENERAL INFORMATION

**If you were employed by Nextel of California, Inc. ("Sprint" or "Defendant")** as an hourly, non-salaried employee in the Credit, Business Wireless Technical Support (BWTS) and/or Business Customer Service (BCS) departments of Sprint's Las Vegas, Nevada call center between June 12, 2006 and June 6, 2009 and your duties included, in whole or in part, answering and handling incoming calls from Defendant's customers **you are a Class Member and if you wish to be excluded from the proposed settlement described in the Notice of Proposed Class Action Settlement that you received with this form you must return this form** by first-class mail, postmarked no later than [DATE] to the following address:

**Sprint Wage and Hour Settlement**
**P.O. Box XXXX**
**-XXXX**
**1-800-XXX-XXXX**

A return envelope is provided.  If you fail to submit your Request for Exclusion Form by that date, you exclusion from the proposed class action settlement will be rejected and you will be bound by the terms of that settlement, including the release of claims provided for under such settlement, even if you have not filed a claim form and do not receive any money from the Settlement.

### DECLARATION OF CLASS MEMBER

1.     I have received the Notice of Proposed Class Action Settlement.  I understand that by submitting this request for exclusion I will receive no benefit or money from the settlement and my legal rights will not be modified or otherwise affected by the proposed settlement.

Dated: _____     _____

(Signature)

EXCLUSION FORM