MARK R. THIERMAN (STATE BAR NO. 8285)
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, NV 89511
Telephone:     775-284-1500

LEON GREENBERG (STATE BAR NO. 8094)
LEON GREENBERG PROFESSIONAL CORPORATION
633 South 4th Street, Suite 4
Las Vegas, NV 89101
Telephone:     702-383-6085
Facsimile:     702-385-1827

**Attorneys for Plaintiffs**

ELISE BLOOM, ESQ.
STEVEN HURD, ESQ.
PROSKAUER ROSE LLP
11 Times Square
New York, NY 10036
Telephone: 212-969-3000
Facsimile: 212-969-2900

KIRBY SMITH, ESQ.
LIONEL SAWYER & COLLINS
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101
Telephone: (702) 383-8888
Facsimile: (702) 383-8845

**Attorneys for Defendant**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JODI ALLERTON, Individually and on behalf of others similarly situated, | Case No. 2:09-CV-01325 (RLH/GWF) |
| Plaintiffs, | ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT |
| against | |
| SPRINT NEXTEL CORPORATION and JOHN DOES I through XXX, actual names and number unknown, | |
| Defendants. | |

- 1 -

1

2          On June 23, 2011, the Court heard the Plaintiffs' *Unopposed Motion for an Order*

3   *Granting Final Approval to Proposed Class Action Settlement* and accompanying declarations,

4   such settlement being pursuant to the terms set forth in the parties' Joint Stipulation of Settlement

5   and Release ("Stipulation").  The Court finds and orders as follows:

6          1.  For the purposes of this Order, the Court adopts all of the language and terms

7   set forth in the Stipulation, which was previously filed with this Court on February 14, 2011

8   (Docket No 91, Ex. "A").

9          2.  This Court has jurisdiction over the subject matter of this litigation and over all

10  parties and Class Members in this litigation.

11

12         3.  The Court finds that the distribution of the Notice of Class Action Settlement,

13  which was carried out pursuant to the Stipulation, constituted the best notice practicable under the

14  circumstances and fully met the requirements of due process.

15         4.  The Court finds that none of the 1363 Class Members have objected to the

16  Settlement. Only seven Class Members, who are Corine Assane; Olivia Baldwin; Robert Chertok;

17  Shineka Grubbs; Karen Lynch; Manuel Rivera and Tanya C. Thomas, have properly requested

18  exclusion from the settlement and are not subject to any of the provisions of the settlement.  The

19  Court is advised by the Settlement Administrator that 26 Class Members have filed both timely

20  requests for exclusion and timely settlement claims.  Of those 26 Class Members as of June 23,

21  2011, 9 have confirmed their intention to make settlement claims and their exclusion requests

22  shall be deemed void, their settlement claims honored and they shall be deemed to have given the

23  same full release of claims as all other claiming Class Members.  The remaining 17 Class

24  Members who have filed both requests for exclusion and settlement claims shall have until

25  August 15, 2011 to advise the Settlement Administrator if they are withdrawing their settlement

26  claim and seeking to be excluded from the settlement.  In the event they fail to so advise the

27

28

- 2 -

Settlement Administrator, their requests for exclusion shall be deemed void, their settlement claims honored and they shall be deemed to have given the same full release of claims as all other claiming Class Members.

5.   The Court finds that 340 Class Members submitted timely settlement claims of which 328 are valid and complete and 12 have deficiencies. .  The 12 Class Members who have filed the deficient, but timely, settlement claims shall have until August 15, 2011 to cure such deficiencies with the Settlement Administrator.  If they fail to do so, the Settlement Administrator shall not honor their claims.  The total of 340 Class Members who have been found to have submitted timely  claims represent approximately 25% of the Class Members and under the terms of the Stipulation are collectively entitled to share a payment totaling $207,445.50.

6.   The Court finds that the Stipulation was the product of protracted, arm's length negotiations between experienced counsel.  After considering Defendant's potential exposure, the likelihood of success on the class claims, the risk, expense, complexity and delay associated with further litigation, the risk of maintaining class certification through trial, the experience and views of Plaintiffs' Counsel, and the reaction of the Class to the Settlement, as well as other relevant factors, the Court finds that the settlement, as set forth in the Stipulation, is fair, reasonable, and in the best interests of the Class.

7.   As counsel for the Class, Mark Thierman of the Thierman Law Firm, Leon Greenberg of Leon Greenberg Professional Corporation, and Christian Gabroy of the Gabroy Law Office shall be paid a fees payment of $225,000 and a costs payment of $14,432.75 from the Settlement Fund for their services on behalf of the Plaintiffs and the Class.

8.   The Court approves the payment of enhancement awards of $10,000 each to named and representative plaintiffs Jodi Allerton and John Henderson from the Settlement Fund to compensate them for their efforts and work on behalf of the class, the Court finding such

payments are fair, just and reasonable under the circumstances.

9. As the Settlement Administrator, Kurtzman Carson Consultants LLC. shall be paid from the Settlement Fund for their services rendered in administering the Settlement, in accordance with the Stipulation and as provided in this paragraph. Pursuant to the declaration of Jeff Gyomber submitted to this Court Kurtzman Carson Consultants LLC's costs for administration of the settlement of this matter is $25,109. Payment of costs to Kurtzman Carson Consultants LLC in that amount from the Settlement Fund is approved.

10. The Court hereby grants final approval of the class action settlement, and the parties are ordered to carry out the settlement as provided in the Stipulation, except as otherwise modified by this Order. Thus, except as stated in this Order, all other terms of the settlement will remain as stated in the Stipulation and accompanying documents and the Orders of this Court.

11. This action is hereby dismissed with prejudice and all Class Members are barred from asserting any of the released claims, as defined in the paragraph 19 of the Stipulation, in any other proceeding and are permanently enjoined from initiating or otherwise participating in the prosecution of any of the released claims, except that those Class Members who have duly excluded themselves from the Class who are identified in paragraph 4 of this Order are not so bound. It is further provided that this Order does not impair or limit the rights under the Fair Labor Standards Act of Class Members who have failed to previously file a consent to join form under the FLSA with the Court or submit a valid settlement Claim Form to the Settlement Administrator. The Clerk of the Court is directed to enter a Final Judgment of dismissal and the Complaint is hereby dismissed with prejudice.

///

///

///

- 4 -

12.     The Court will retain jurisdiction for purposes of enforcing this settlement, addressing settlement administration matters, and addressing such post-judgment matters as may be appropriate under court rules or applicable law.

IT IS SO ORDERED.

Dated:   June 29, 2011.

_____
HONORABLE ROGER L. HUNT
UNITED STATES DISTRICT          JUDGE